UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JADE MARIBEL MARIN MARIN,

Petitioner,

v.

TODD BLANCHE et al.,

Respondents.

CASE NO. 2:26-cv-04288-JHC

ORDER

This matter comes before the Court on Jade Maribel Marin Marin's Petition for Writ of Habeas Corpus. Dkt. 1. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition.

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner points to a troubling number of potential violations of her rights, including plausibly alleging falsified documents in her immigration record, Dkt. 1 at 18-19.[1] *See* Dkt. 1 at 4. One such basis for relief is that Petitioner's initial arrest was conducted without notice or an opportunity to be heard, violating her right to due process under *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Dkt. 1 at 46-53. Multiple courts in this jurisdiction have granted relief on the same basis under similar facts. *See Lopez Esteban v. Warden-Facility Adm'r of Nw. Processing Ctr*. 2026 WL 2686824 (W.D. Wash. Sept. 14, 2026); *see also Sidhe v. Scott*, 2026 WL 2935934, at *2-3 (W.D. Wash. Sept. 30, 2026) (collecting cases).

Although the Court ordered Respondents to show cause why the Petition should not be granted, Dkt. 5, Respondents do not engage with Petitioner's due process argument. *See* Dkt. 9. They also concede much of what is asserted by Petitioner, including that (1) Petitioner is a member of the Bond Denial Class as articulated and affirmed in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); (2) she is entitled to an individualized custody hearing but has not received one; and (3) she has been detained for a year with no such hearing or opportunity to be heard. *See* Dkt. 9. They similarly do not dispute Petitioner's assertions related to her arrest, but "omit the specifics of Petitioner's arrest" and point the Court to her attached immigration records. Dkt. 9 at 4, n.5.

For the reasons expressed by Petitioner, Dkt. 1 at 46-55, and on the analysis articulated in *Lopez Esteban*, 2026 WL 2686824, the Court finds that Petitioner's arrest without notice or an opportunity to be heard violated her due process rights from the inception of her arrest. As a result, Petitioner has proven by a preponderance of the evidence that she "is in custody in

---

[1] Because the Court grants relief on Petitioner's due process claim, it need not consider Petitioner's other claims for relief.

violation of the Constitution or laws or treaties of the United States" and thus is entitled to habeas relief. 28 U.S.C. § 2241(c).

As to a remedy, Petitioner seeks immediate release. Dkt. 1. Where, as here, a petitioner's detention is "unlawful from its inception" that "typically requires immediate release." *K.G.M.Q. v. Bondi*, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026) (considering re-detention); *see also Kirykovich v. Hernandez*, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention.") (emphasis in original) (considering re-detention). Thus, the Court finds that immediate release is the appropriate remedy to cure the constitutional violation and to hold otherwise "would not adequately vindicate his rights; it would reward the government for detaining first and asking questions later." *Kirykovich*, 2026 WL 890459, at *4.

For these reasons, the Court GRANTS the habeas petition (Dkt. 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions of release. The Court further ORDERS that Petitioner shall not be re-detained without adequate notice and a hearing, consistent with due process, before an immigration court to determine whether re-detention is appropriate.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of November, 2026.

John H. Chun
United States District Judge